IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHEAL ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-07-722-C |
| | ) |
| GARDNER CONSTRUCTION GROUP, | ) |
| and GREG INGLE, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Gardner Construction Group ("Gardner") filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) arguing Plaintiff's claims for wrongful termination and conspiracy should be dismissed. According to Gardner, Plaintiff's claim for wrongful termination is premised on either his race or alleged false accusations lodged against Plaintiff. Gardner argues that the conspiracy claim lacks merit as the alleged wrong committed by the conspirators is cloaked with absolute immunity by Oklahoma law. In his response, Plaintiff argues that both claims are valid and that Gardner's motion should be denied.

In ruling on a motion to dismiss for failure to state a claim, the question is whether the allegations in the complaint plausibly support a legal claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, -- U.S. --, --, 127 S.Ct. 1955, 1964-65 (2007)). Further, because Plaintiff proceeds pro se, he is entitled to a liberal reading of the allegations in the Complaint and

the arguments in his response brief. See Gaines v. Stenseng, 292 F.3d 1222 (10th Cir. 2002).

After consideration of the issues, it is clear that Gardner's arguments are well supported and Plaintiff has failed to state a claim against this Defendant for wrongful termination and conspiracy. Plaintiff's wrongful termination claim alleges a racial component as well as claims raising public policy issues. Thus, the wrongful termination claim arises pursuant to Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24. To the extent Plaintiff premises his wrongful termination claim on racial grounds, it must be dismissed as his Title VII claim provides an adequate remedy. See Marshall v. OK Rental and Leasing, Inc., 1997 OK 34, ¶ 23, 939 P.2d 1116, 1122 (holding that Title VII provides adequate remedies and therefore no public policy claim could be pursued.). In all other respects, Plaintiff's claim fails to identify an act which is premised on violation of a clearly mandated public policy. Rather, Plaintiff complains of acts which were perhaps distasteful or morally wrong. Under Oklahoma law, such acts do not give rise to a wrongful termination claim. As the Oklahoma Supreme Court stated in Burk, "an employer may discharge an employee for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong." Burk, 1989 OK 22, ¶ 5, 770 P.2d at 26. Thus, Plaintiff's claims for wrongful termination will be dismissed.

Gardner next challenges the viability of Plaintiff's conspiracy claim. According to Gardner, Plaintiff's claim is premised on statements set forth in a memo drafted by one of

its employees for use in responding to Plaintiff's EEOC complaint.  Thus, Gardner argues the statements in the memo are not actionable as they are cloaked with the absolute litigation privilege set forth in 12 Okla. Stat. § 1443.1.  Plaintiff does not dispute Gardner's assessment of the allegedly defamatory statement and in fact agrees that the communication was transmitted to the EEOC.  Rather, Plaintiff argues that the allegations were false.  The Court finds Gardner's arguments regarding the statutory privilege well founded.  In Kirschstein v. Haynes, 1990 OK 8, 788 P.2d 941, the Oklahoma Supreme Court addressed a claim for defamation following the publication of a physician's affidavit regarding an application for issuance of a delayed birth certificate.  The plaintiff alleged the affidavit was false and defamatory.  In affirming the trial court's grant of summary judgment to defendants, the Oklahoma Supreme Court held that an absolute privilege exists protecting attorneys, parties, and witnesses from actions based on communications made in a judicial or quasi-judicial proceeding.  Kirschstein, 1990 OK 8, ¶ 2, 788 P.2d at 945.  Because the statements on which Plaintiff's defamation claim are premised arose in a quasi-judicial proceeding, they are privileged and cannot as a matter of law provide a basis for a conspiracy claim.  See Brock v. Thompson, 1997 OK 127 ¶ 39, 948 P.2d 279, 294 ("There can be no civil conspiracy where the *act* complained of and the *means employed* are lawful.").  Accordingly, Gardner's motion will be granted on this issue.

For the reasons set forth herein, Defendant Gardner Construction Group's Partial Motion to Dismiss for Failure to State a Claim (Dkt. No. 48) is GRANTED.  Plaintiff's

claims for wrongful termination and conspiracy are DISMISSED. Because no amendment could cure the defects, the dismissal is with prejudice. However, Plaintiff's claims based on Title VII against Defendant Gardner remain.

    IT IS SO ORDERED this 16th day of April, 2008.

ROBIN J. CAUTHRON
United States District Judge