IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHEAL ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-07-722-C |
| | ) |
| GARDNER CONSTRUCTION GROUP, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action alleging Defendant Gardner Construction Group ("Gardner"), had discriminated against him based on his age, race and disability in violation of Title VII and the ADA. Asserting the undisputed facts entitled it to judgment, Gardner filed a Motion for Summary Judgment. Although the time to respond has passed, Plaintiff has neither responded to Gardner's Motion or sought additional time to respond. Accordingly, the Court will consider the well supported facts set forth in Gardner's Motion as undisputed. See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002):

> By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

1.  ADA claim.

According to Plaintiff's deposition testimony attached to Defendant's Motion, Plaintiff believed he was discriminated against by Defendant because he walked with a limp.

> To prevail on [his] ADA claim, [Plaintiff] must establish: (1) [he] is a disabled person as defined by the ADA; (2) [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) [his] employer discriminated against [him] because of [his] disability.

MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). Plaintiff testified that his "limp" did not affect his ability to carry on his life. Thus, Plaintiff has failed to show he was disabled as required by the ADA. Id. at 1275-76 ("to establish that one is disabled, one must show that one is 'significantly restricted' in performing a major life activity 'as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'")(quoting 29 C.F.R. § 1630.2(j)(1)(ii)). Because Defendant has established as undisputed the fact that Plaintiff's "limp" does not significantly restrict a major life activity, Plaintiff's ADA claim must fail.[1] In addition, when asked how Defendant discriminated against him due to his limp, Plaintiff did not testify to any act which could be construed as discrimination by his employer. Accordingly, Plaintiff also fails to satisfy the third prong set out in MacKenzie, and his claim fails for this additional reason.

2.  Wage claims

Plaintiff alleged that he was paid differently than other employees due to either his age or his race. In response, Gardner has offered evidence that the difference between Plaintiff's pay and those of other employees was due to differing job responsibilities, training and/or

---

[1] Plaintiff makes no suggestion in his Complaint or any other document that Defendant perceived him as disabled or that he has a record of being disabled.

experience. Thus, Gardner has established a lack of discrimination. Plaintiff's deposition testimony fails to demonstrate the existence of a material dispute on the issue. Plaintiff's testimony makes clear that he lacks any evidence to support his allegation. Rather, the assertion is premised on Plaintiff's beliefs, hearsay and conclusory allegations. Such evidence is insufficient to defeat Gardner's properly supported summary judgment motion. See Milton v. Scrivner, Inc., 53 F.3d 1118, 1125 (10th Cir.1995)("plaintiffs' conclusory allegations are insufficient to defeat Scrivner's adequately supported motion."); Thomas v. International Business Machines, 48 F.3d 478, 485 (10th Cir. 1995)("hearsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment because '[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill.'")(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). Thus, Plaintiff's wage claims must fail.

3.  Wrongful termination.

Plaintiff alleges he was terminated because of his age, race and/or disability. Plaintiff has again failed to support his arguments with proper evidence. Rather, these claims are premised on Plaintiff's beliefs about how others were treated or based on hearsay statements from other workers. Thus for the same reasons noted in resolving his wage claims, Plaintiff's termination claim must fail.

Even assuming Plaintiff could make a prima facie case that his termination was the result of age, race and/or disability, Gardner has still established its entitlement to judgment. Once a plaintiff makes a prima facie case, the burden shifts to the defendant to offer a

legitimate non-discriminatory reason for the adverse action. If the defendant satisfies its burden, the burden then shifts back to the plaintiff to establish that the defendant's proffered reason was mere pretext for discrimination. Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1227 (10th Cir. 2008). Gardner has offered evidence that Plaintiff's termination was for theft of equipment, a nondiscriminatory reason. Thus, the burden now rests with Plaintiff to show that Gardner's reason was mere pretext. Plaintiff has failed to offer any evidence disputing Gardner's basis for his termination. In the deposition excerpts provided by Gardner, Plaintiff does not deny taking the saw but merely complains about the nature of Gardner's inquiry into the saw. Thus, he has failed to offer "any evidence that casts doubt on [Gardner's] proffered explanation" for his termination and his claim must fail. Id. at 1229. In his EEOC documents and in other pleadings in this case, Plaintiff argues he purchased the saw and that it was his to keep. Gardner disputes this position and Plaintiff has failed to demonstrate that Gardner's belief was not in good faith. Thus, Plaintiff does not establish pretext. Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1535 (10th Cir. 1995)("an employer's exercise of erroneous or even illogical business judgment does not constitute pretext.").

4. Hostile Environment

Plaintiff argues that he was subject to racial jokes and other comments that rendered his workplace hostile. After review of Plaintiff's deposition testimony and the recitation of the basis for Plaintiff's complaints therein, the Court finds Plaintiff's position unsustainable. Plaintiff testimony fails to establish that any of the comments or jokes caused Plaintiff's workplace to be "'permeated with discriminatory intimidation, ridicule, and insult, that is

4

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and that the victim 'was targeted for harassment because of [his] . . . race[ ] or national origin.'" Herrera v. Lufkin Industries, Inc., 474 F.3d 675, 680 (10th Cir. 2007)(quoting Sandoval v. City of Boulder, 388 F.3d 1312, 1326-27 (10th Cir. 2004)).  Rather, Plaintiff's testimony at best demonstrates a workplace where there were occasional or isolated comments and where when he raised a complaint, action was taken. Thus, Plaintiff cannot establish a hostile workplace claim.  Herrera, 474 F.3d at 680, ("A plaintiff does not make a showing of a pervasively hostile work environment "by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs.")

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 70) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 25th day of July, 2008.

ROBIN J. CAUTHRON
United States District Judge